# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. REDICK, III, | Case No. 1:21-cv-00287-NONE-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT |
| v. | |
| SONORA POLICE DEPARTMENT, et al., | (ECF No. 11) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

**I.**

**INTRODUCTION**

Stanley E. Redick, III ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.  Currently before the Court for screening is Plaintiff's second amended complaint filed on May 26, 2021.  (ECF No. 11.)

**II.**

**INSTRUCTIONS FOR *PRO SE* PLAINTIFF**

Plaintiff is proceeding *pro se*, meaning he is not represented by an attorney in this case. Given Plaintiff is *pro se*, the Court will first provide a summary of the primary reasons Plaintiff's complaint is insufficient, and the instructions Plaintiff must follow if he decides to file a second amended complaint.

The Court appreciates that Plaintiff has followed the instructions that the Court previously provided, and Plaintiff no longer is attaching various documents to the complaint, and

1

has instead typed out his claims without referencing such various documents.[1] If Plaintiff files a third amended complaint, he should still not attach such documents as he has not done this time.

However, instead of one complaint this time, it appears Plaintiff has now filed three separate documents that appear as three different complaints. The first, against the Sonora Police Department, Officer Malon, and Officer Bowly. (ECF No. 11 at 1-4.) The second, against the Tuolumne County District Attorney's Office, Laura Kreig, and Eric Hovetter. (ECF No. 11 at 5-10.) This second "complaint" is unsigned. (Id. at 10.) The third, is against Tuolumne County Jail and Booking Officer King C1560. (Id. at 11-15.)

If Plaintiff files a third amended complaint he need only submit one complaint that lists all defendants, all facts, and all claims, rather that separate complaints. Plaintiff does not have to type his complaint, and may use the attached complaint form if he wishes. However, whether he types or handwrites the complaint, the complaint must clearly identify the Defendants, whether they are agencies or individual people, and specifically state what each Defendant did that violated his rights.

As presented, Plaintiff's complaint does not comply with Federal Rules of Civil Procedure of 8. The Rule requires Plaintiff to provide a short and plain statement of the claim, meaning he must provide the Defendants notice of the factual basis for each legal claim Plaintiff wishes to pursue against each Defendant. Plaintiff's complaint is vague and unclear as to each separate Defendant's actions. The complaint also improperly makes legal conclusions by alleging a legal claim without connecting specific factual details to the types of alleged legal claims. Therefore, Plaintiff has not provided sufficient factual content for the Court to find any claim is plausible as presented.

The complaint must be retyped or rewritten in its entirety, preferably on the court-approved form, and must be complete without reference to the previous complaints, or any other

---

[1] When the Court reviewed Plaintiff's original complaint, the Court took the time to examine the various types of summaries and documents that Plaintiff submitted as part of, and attached to the complaint, including: a document entitled "Grievance Letter," a police narrative report, a document entitled "Rebuttal to Sonora Police Department Narrative," as well as three separate summaries of claims directed at the three then named Defendants, the Sonora Police Department, the Tuolumne County Jail, and the Tuolumne County District Attorney's Office, that were in large part identical, but differed slightly depending on the particular Defendant.

pleading, attachment, or document, because an amended complaint supersedes the preceding complaint.

Plaintiff must present his claims in a clear manner describing what **each Defendant specifically did** to Plaintiff that would form a claim against that specific Defendant and clearly state the legal claim he is pursuing against each Defendant.  The Court will provide the legal standards below for what claims Plaintiff appears to try to claim.

### III.

### SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

1    In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
2 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
3 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
4 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
5 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
6 short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting
7 Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
8 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
9 alleged. Iqbal, 556 U.S. at 678.

10                                              **IV.**

11                                        **DISCUSSION**

12   **A.     Federal Rule of Civil Procedure 8**

13    Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
14 showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must
15 simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which
16 it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal
17 quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals
18 of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
19 Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted
20 as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S.
21 Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient
22 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim
23 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
24 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
25 678 (citations and internal quotation marks omitted).

26    As currently pled, Plaintiff's complaint does not contain enough factual details to permit
27 the Court to draw the reasonable inference that any of the Defendants are liable for the
28

misconduct alleged. Iqbal, 556 U.S. at 678. Most of Plaintiff's allegations are vague and conclusory statements that his rights were violated.

It appears Plaintiff's only allegations against the investigating officers are vague claims that they misled witnesses when they made statements, and that he was subjected to a strip search when he was arrested and booked into jail for seventy-two (72) hours. Plaintiff does not allege any officer arrested or performed a search of Plaintiff until a warrant was issued, as Plaintiff alleges he turned himself to the County Jail pursuant to a warrant. The Court will provide the relevant legal standards concerning searches under the Fourth Amendment below, as well as the relevant standards pertaining to a jail or prison's right to perform strip searches prior to booking a pre-trial detainee into jail and excessive force standards. The Court will also provide the standard for falsifying a police report.

Other than generally arguing he is innocent of the crime was he was accused of, that he motioned the District Attorney's Office multiple times for a dismissal of this action, and that a better investigation should have been completed, Plaintiff does not present sufficient facts specifically pertaining to the Defendants from the District Attorney's Office to state a claim under the legal standards explained below. Plaintiff essentially only provides legal conclusions that his rights were violated without explaining who did what or how.

Plaintiff's complaint is vague and unclear as to each separate Defendant's actions. The complaint also improperly makes legal conclusions by alleging a legal claim without connecting specific factual details to the types of alleged legal claims. Therefore, Plaintiff has not provided sufficient factual content for the Court to find any claim is plausible as presented. For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2).

The Court will grant Plaintiff leave to file a third amended complaint to allow Plaintiff to provide additional factual details to the Court and present his claims in a clear fashion. However, the Court notifies Plaintiff to consider the specific facts of his allegations in relation to the legal standards discussed below, when deciding whether to file a first amended complaint. If Plaintiff files a third amended complaint, he must present his claims in a clear manner describing

what each Defendant specifically did to Plaintiff that would form a claim against that specific Defendant and clearly state the legal claim he is pursuing against each Defendant.

### B. Unlawful Arrest, Search, and Excessive Force under the Fourth Amendment

Plaintiff avers to the probable cause standard for officers making an arrest. Plaintiff also claims the arresting officer subjected Plaintiff to unreasonable force in connection with the arrest, subjected Plaintiff to a strip search during the booking process, and committed battery in conducting such alleged illegal search and seizure.

The Fourth Amendment to the Constitution of the United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., amend. IV.

Warrantless searches would violate the Fourth Amendment unless the search falls within an exception to the Fourth Amendment's warrant requirement. See United States v. Ojeda, 276 F.3d 486, 488 (9th Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 357 (1967)).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification." Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough." Id. (internal quotations and citation omitted) (alteration in original).

Plaintiff fails to state a claim for unlawful arrest because he specifically states he turned himself in to the jail pursuant to a warrant. "The Fourth Amendment requires law enforcement officers to have probable cause to make an arrest if they do not have an arrest warrant." Braden v. Los Angeles Police Dep't, No. CV 16-7633 JVS(JC), 2017 WL 78467, at *3 (C.D. Cal. Jan. 9,

2017) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)); see also Blankenhorn v. City of Orange, 485 F.3d 463, 476 (9th Cir. 2007) (Stating it was "clearly established long ago that an officer may not conduct a warrantless arrest absent probable cause."). While Plaintiff did not directly name the Tuolumne County Superior Court nor a judge in the complaint, to the extent Plaintiff alleges the warrant was not based on probable cause, the Court provides the standards for judicial immunity below.

To the extent Plaintiff claims the search conducted during the booking process was unlawful or amounted to excessive force, Plaintiff has not stated facts that would support a finding that his constitutional rights were violated. The Court will provide the Plaintiff with the legal standards governing searches conducted at booking for pre-trial detainees, and notifies Plaintiff that routine strip searches performed at booking are generally not unlawful absent extraordinary circumstances.

Both convicted prisoners and pretrial detainees retain some Fourth Amendment rights upon commitment to a corrections facility, however, the Fourth Amendment only prohibits unreasonable searches. See, e.g., Bell v. Wolfish, 441 U.S. 520, 558 (1979). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application [and] each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Id. "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id.

The Ninth Circuit has recognized that strip searches may be unreasonable if "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). " 'Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process,' and the Supreme Court has held that all detainees, when joining a general detained population, can be subject to strip searches even without reasonable suspicion that a specific individual is concealing weapons or other contraband." Belyew v. Honea, No. 217CV0508KJMACP, 2020 WL 6305866, at *2–3 (E.D. Cal. Oct. 28, 2020) (quoting Florence v. Bd. of Chosen Freeholders, 566 U.S. 318, 30-39

1  (2012)), report and recommendation adopted, No. 217CV0508KJMACP, 2021 WL 720231 (E.D.
2  Cal. Feb. 24, 2021); see also Fouche v. Holencik, No. ED CV 10-0087-MMM, 2012 WL
3  1901826, at *2–3 (C.D. Cal. Apr. 17, 2012) ("Applying the *Bell* and *Turner* factors, the United
4  States Supreme Court recently held that a jail's policy requiring all detainees—including those
5  being held on misdemeanor charges—to be strip searched prior to being placed in the general
6  population is reasonable under the Fourth Amendment.") (citing Florence, 566 U.S. 318). "In
7  examining the conditions of pretrial detention, the question 'is whether those conditions amount
8  to punishment of the detainee.' " Belyew, 2020 WL 6305866, at *4 (quoting Bell, 441 U.S. at
9  535).

10  Plaintiff has not alleged any specific facts that would support a claim that the strip search
11  performed at booking was unlawful or violated his constitutional rights, whether Plaintiff states it
12  was an exercise of excessive force, or an unlawful search. See Bell, 441 U.S. 520; Belyew, 2020
13  WL 6305866; Michenfelder v. Sumner, 860 F.2d at 332; Cf. Moore v. Howell, No.
14  219CV02108GMNBNW, 2020 WL 7081580, at *3 (D. Nev. Dec. 2, 2020) (finding cognizable
15  claim where defendant "conducted a vindictive strip search of Plaintiff and other inmates in
16  retaliation for another inmate filing a PREA complaint . . . [that] was not related to any
17  legitimate penological interest and was only conducted to punish Plaintiff and other inmates for
18  the PREA complaint.").

### C. Falsification of Police Records

20  Plaintiff avers to a claim for official misconduct by the Police Department in handling
21  witness statements, and for misleading the forensic evidence as the police should not have asked
22  leading questions which caused witnesses to create false memories.

23  Individuals have a constitutional due process right "not to be subjected to criminal
24  charges on the basis of false evidence that was deliberately fabricated by the government."
25  Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc). To establish such a due
26  process violation, a plaintiff must, at a minimum, allege either: (1) that government officials
27  continued their investigation "despite the fact that they knew or should have known that
28  [Plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive

1 that [they] knew or should have known those techniques would yield false information."
2 Cunningham v. Perez, 345 F.3d 802, 811 (9th Cir. 2003) (quoting Devereaux, 263 F.3d at 1076).

3       The complaint as submitted does not satisfy Rule 8 of the Federal Rules of Civil
4 Procedure.. Plaintiff fails to indicate in any specific detail how any officer mishandled witnesses
5 or any specific forensic evidence in a manner that demonstrates intentional falsification of any
6 record or evidence. Further, if Plaintiff wishes to pursue claims against the agencies, Plaintiff
7 has not alleged any misconduct was part of a practice, custom, or policy, in order to establish
8 municipal liability against the Police Department or District Attorney's Office, and has not
9 described how any prosecutor knowingly used false information in pursuing criminal charges
10 that was obtained by any police officer. Plaintiff's bare conclusory allegations are not sufficient
11 to establish a claim, and does not satisfy the requirements of Federal Rule of Civil Procedure 8 as
12 the Court found above.

13       **D.**    **Malicious Prosecution and Prosecutorial/Judicial Immunity**

14       Plaintiff states he was subjected to a malicious false accusation that he was involved in
15 the crime on November 3, 2018.

16       A claim for malicious prosecution or abuse of process is not generally cognizable under
17 Section 1983 if a process is available within the state judicial system to provide a remedy. Usher
18 v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is
19 "when a malicious prosecution is conducted with the intent to deprive a person of equal
20 protection of the laws or is otherwise intended to subject a person to denial of constitutional
21 rights." Id. (citations omitted). In order to prevail on a Section 1983 claim of malicious
22 prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without
23 probable cause, and that they did so for the purpose of denying [him] equal protection or another
24 specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)
25 (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004);
26 Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012). A malicious prosecution claim
27 may be brought against prosecutors or against the individuals who wrongfully caused the
28 prosecution. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute

1  defense to malicious prosecution.  Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir.
2  2009).

3        In order to state a malicious prosecution claim, Plaintiff must show that the prior
4  proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal
5  termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with
6  malice.  Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).  For the
7  termination to be considered "favorable" to the malicious prosecution plaintiff, it must be
8  reflective of the merits of the action and of the plaintiff's innocence of the charges.  Villa v.
9  Cole, 4 Cal.App.4th 1327, 1335 (1992); Awabdy, 368 F.3d at 1068 ("An individual seeking to
10 bring a malicious prosecution claim must generally establish that the prior proceedings
11 terminated in such a manner as to indicate his innocence.").  In this regard, "a dismissal in the
12 interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or
13 the court that the action lacked merit or would result in a decision in favor of the defendant," and
14 "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are
15 allegations that the prior proceedings were instituted as the result of fraudulent conduct, a
16 malicious prosecution plaintiff is not precluded from maintaining his action unless the
17 defendants can establish that the charges were withdrawn on the basis of a compromise among
18 the parties or for a cause that was not inconsistent with his guilt."  Id.

19       Plaintiff has failed to describe how any individual Defendant caused the case to be
20 prosecuted against Plaintiff with malice and without probable cause nor presented any specific
21 facts about any prosecution following his release after the seventy-two (72) hour hold after
22 turning himself in.  Plaintiff has not provided sufficient facts regarding the dismissal for the
23 Court to determine whether a malicious prosecution claim can be stated.  Plaintiff is advised that
24 a dismissal resulting from negotiation, settlement or agreement is generally not deemed a
25 favorable termination of the proceedings.  Villa, 4 Cal.App.4th at 1335.  "[A]s a matter of law. . .
26 the favorable termination which is essential to the plaintiff in a malicious prosecution action
27 cannot be based on the dismissal of the criminal charges remaining after the defendant in a
28 criminal proceeding has entered a plea of nolo contendere to one or more of the charges in the

accusatory pleading pursuant to a plea bargain. Cote v. Henderson, 218 Cal. App. 3d 796, 804 (1990). Therefore, if the charges were dismissed as part of a plea bargain it would not be a favorable termination because it would not indicate that Plaintiff was innocent of the charges.

Further, Plaintiff is advised that judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

Accordingly, Plaintiff has not stated a claim for malicious prosecution.

**E.     Section 1983, Supervisory Liability, and Municipal Liability**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each

1 defendant deprived her of rights secured by the Constitution or federal law.  Long, 442 F.3d at
2 1185 (9th Cir. 2006).  There is no *respondeat superior* liability under section 1983, and
3 therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.
4 To state a claim, Plaintiff must demonstrate that each defendant personally participated in the
5 deprivation of his rights.  Jones, 297 F.3d at 934.

6       In other words, to the extent Plaintiff is attempting to make a claim against a district
7 attorney or police officer that was not personally involved but was only acting as a supervisor
8 over an officer or assistant district attorney, Plaintiff cannot state a claim unless they were
9 personally and directly involved in the violation of his rights.

10       Further, a local government unit may not be held responsible for the acts of its employees
11 under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436
12 U.S. 658, 691 (1978).  Rather, a local government unit may only be held liable if it inflicts the
13 injury complained of through a policy or custom.  Waggy v. Spokane County Washington, 594
14 F.3d 707, 713 (9th Cir. 2010).  Generally, to establish municipal liability, the plaintiff must show
15 that a constitutional right was violated, the municipality had a policy, that policy was deliberately
16 indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the
17 constitutional violation.  Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400
18 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of
19 Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).  "The custom or policy must be a
20 'deliberate choice to follow a course of action . . . made from among various alternatives by the
21 official or officials responsible for establishing final policy with respect to the subject matter in
22 question.' "  Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting
23 Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

24       A failure to train may establish liability where such omission of training amounts to
25 deliberate indifference to a constitutional right.  Clouthier v. Cty. of Contra Costa, 591 F.3d
26 1232, 1249-50 (9th Cir. 2010), overruled on other grounds by Castro, 833 F.3d 1060.  This
27 standard is met when "the need for more or different training is so obvious, and the inadequacy
28 so likely to result in the violation of constitutional rights, that the policymakers of the city can

1 reasonably be said to have been deliberately indifferent to the need." Id. at 1249 (quoting City of
2 Canton v. Harris, 489 U.S. 378, 390 (1989). "For example, if police activities in arresting
3 fleeing felons 'so often violate constitutional rights that the need for further training must have
4 been plainly obvious to the city policymakers,' then the city's failure to train may constitute
5 'deliberate indifference.' " Id. "Only where a failure to train reflects a 'deliberate' or
6 'conscious' choice by the municipality can the failure be properly thought of as an actionable
7 city 'policy.' " City of Canton, 489 U.S. at 379. "A pattern of similar constitutional violations
8 by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for
9 purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011) (citation omitted).

A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. If Plaintiff is attempting to bring claims against the Police Department, the County Jail., or the District Attorney's Office, as agencies and not the individuals involved, Plaintiff has failed to state a plausible claim based on a custom or policy or failure to train.

### F.  Allegations of Slander and Defamation

Plaintiff claims emotional distress from slander, and or defamation of character, and appears to cite California Penal Code § 4030 pertaining to strip and body cavity searches in relation to the claim. Slander is an oral defamatory statement. To bring a claim for defamation in a Section 1983 action, Plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

"To establish a claim for defamation under Section 1983, a plaintiff must first establish defamation under state law." Flores v. City of Bakersfield, No. 1:17-CV-1393-JLT, 2019 WL 7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing Crowe v. County of San Diego, 242 F.Supp.2d 740, 746 (S.D. Cal. 2003)). Under California law, the elements of a defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Kaufman v. United Health Group Inc., 546 Fed. Appx. 691, 692 (9th Cir. 2013) (quoting Taus v. Loftus, 40 Cal.4th 683, 54 Cal.Rptr.3d 775, 151 P.3d 1185, 1209 (Cal.2007)). To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." Gilbrook v. City of

1 Westminster, 177 F.3d 839, 861 (9th Cir.) (citation omitted). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In a § 1983 action, injury to reputation alone is not enough to state a claim. "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest." WMX Techs., Inc. v. Miller ("WMX II"), 197 F.3d 367, 373 (9th Cir. 1999). The Supreme Court has made it clear that reputation alone is not an interest protected by the Constitution. WMX II, 197 F.3d at 373; see Paul v. Davis, 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment"). "[R]eputational harm alone does not suffice for a constitutional claim." Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004). Absent a change in status, "any harm or injury to that interest . . . inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law." Paul, 424 U.S at 712. Plaintiff must demonstrate the loss of a recognizable property or liberty interest in conjunction with the allegation that they suffered injury to reputation. Miller, 355 F.3d at 1179; Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992)). A plaintiff can meet this test by showing that "injury to reputation was inflicted in connection with a federally protected right" or that "injury to reputation caused the denial of a federally protected right." Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999); Cooper, 924 F.2d at 1532-33. This is referred to both as a "defamation-plus" or "stigma-plus" claim. See, e.g., Flores, 2019 WL 7038385, at *17.

Plaintiff has not put forth factual allegations that his reputation was injured in connection with a federally protected right or that the damage caused him to be denied a federally protected right. Even if Plaintiff could not meet the defamation-plus standard but *was* able to demonstrate defamation under California law, the Court would also decline to exercise supplemental

jurisdiction over such state claim because Plaintiff failed to state a separate cognizable federal claim, as explained above. See Ward v. Webber, No. 118CV00916SABPC, 2018 WL 3615853, at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable federal claim, the Court will not exercise supplemental jurisdiction over his state law [slander] claim, even if he cures the deficiencies and states a claim.") (citing 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001)).

### G.    Intentional Infliction of Emotional Distress

Plaintiff lists a claim for intentional infliction of emotional distress, averring to slander, defamation, and violation of his constitutional rights.

The elements for a claim of intentional infliction of emotional distress under California law are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)).  Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.' " Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).  The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Simo, 322 F.3d at 622.

Given the legal standards and facts discussed above pertaining to the Fourth Amendment pertaining to the strip search of Plaintiff, Section 1983 linkage, prosecutorial/judicial immunity, and defamation/slander, Plaintiff has not stated sufficient facts pertaining to any named Defendant or unnamed individual that would rise to the level of intentional infliction of emotional distress.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's second amended complaint fails to state a cognizable claim for relief.  The Court will grant Plaintiff a **final opportunity** to amend his complaint to

cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Finally, Plaintiff is notified that he must write and describe and all facts and claims in the body of the complaint. The Court will not review attached documents, letters, rebuttals, or police reports unless the facts relevant to his claim are also fully described in the body of the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint curing the deficiencies identified by the Court in this order; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: __**August 10, 2021**__

UNITED STATES MAGISTRATE JUDGE